UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Latoya Richardson,<br>Plaintiff,<br><br>v.<br><br>Trident Medical Center, LLC,<br>Defendant. | CASE NO:    2:22-cv-1584-RMG-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1.  This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under Title VII of the Civil Rights Act of 1964.

2.  All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

> a.  A charge of employment discrimination on basis of racial discrimination, retaliation and unequal pay was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC") and South Carolina Human Affairs Commission ("SCHAC") on August 12, 2021.

> b.  Notification of the Right to Sue was received from the SCHAC on or about April 4, 2022.

> c.  This Complaint has been filed within the 90 days of receipt of the SCHAC's Notice of Right to Sue.

3.  Plaintiff, Latoya Richardson, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4.  All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5.  Defendant, Trident Medical Center, LLC, upon information and belief, upon information and belief, is a foreign corporation organized in the state of Delaware with its principal place of business in South Carolina, doing business in the County of Charleston, State of South Carolina.

6.  Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7.  Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8.  Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9.  The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. In or about September 2020, the Plaintiff, an African American, began working for the Defendant as a Transporter.  At all times, the Plaintiff was efficient and effective in her job.

11. Beginning in or about April 2021, Plaintiff noticed other members of the Defendant staff (Hispanic) were coming into work late without notification to the supervisor that they would be late and also not being written up.

12. Plaintiff also noticed that Supervisor, Stacey Wilson, would let the Hispanic employees sit around, even though there were jobs on the board, and Ms. Wilson would tell all the African American employees to grab the jobs.

13. Plaintiff reported the disparity to her boss, Sandy, stating that she felt like she was being discriminated against, but nothing was ever done.

14. After Plaintiff's reports of discrimination, she noticed that Ms. Wilson would not speak to her, but would speak to the other employees.  If Plaintiff would speak to Ms. Wilson, she would just give smart, short responses to Plaintiff.

15. On or about May 2, 2021, Plaintiff was contacted Ms. Wilson to let her know that she would not be at work on May 3, 2021.  When Plaintiff returned to work, she was written up.

16. On or about May 20, 2021, Plaintiff contacted Sandy about a HIPPA violation Ms. Wilson made.  On or about May 21, 2021, Plaintiff was terminated for being late to work. Plaintiff's termination was pretextual in nature, and not the true reason for terminating Plaintiff.

17. Plaintiff witnessed Kassandra and Suzy, similarly situated Hispanic employees, not being given write ups and not being terminated for the same offense that Plaintiff was charged with.

18. Defendant retaliated against Plaintiff for reporting the discriminatory acts and failed to stop the discrimination, disparate treatment, and inappropriate behavior, thereby creating a hostile work environment.  Plaintiff's termination was pretextual in nature and not the true reason for letting the Plaintiff go.

19. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination, disparate treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

<u>**FOR A FIRST CAUSE OF ACTION**</u>
<u>**RACIAL DISCRIMINATION - Title VII**</u>

20. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

21. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was retaliated against and terminated based on her race and/or color in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*), and the South Carolina Human Affairs Law, as amended.

22. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

a. In failing to continue to employ Plaintiff based on her race and/or color;

b. In showing preferential treatment to Caucasian and Hispanic employees and detrimental treatment to Plaintiff; and

c. In demonstrating a pattern of discriminatory treatment towards African American employees by disciplining and terminating those who were in a protected class.

23. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*) and the South Carolina Human Affairs Law, as amended.

24. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), and the South Carolina Human Affairs Law, as amended, by allowing the racial discrimination and preferential treatment to exist in the workplace.

25. The Plaintiff's race and/or color were determining factors in the disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's race and/or color, she would not have been terminated.

26. As a direct and proximate result of the Defendant's discrimination on the basis of race and/or color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

27. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

28. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
## RETALIATION – Title VII

29. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

30. That as alleged above, Plaintiff complained to the Defendant on several occasions about racial discrimination.

31. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

32. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

33. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

34. The Plaintiff's reports of racial discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff.  But for Plaintiff's reports of racial discrimination, she would not have been terminated.

35. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

36. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

37. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

38. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), and the South Carolina Human Affairs Law, as amended, by allowing the retaliation to exist in the workplace.

39. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

40. That the Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## FOR A THIRD CAUSE OF ACTION
## VIOLATION OF SOUTH CAROLINA HUMAN AFFAIRS LAW

41. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

42. The Defendant's wrongful discrimination, preferential treatment and inappropriate behaviors as set forth aforesaid constituted a discrimination of the Plaintiff due to her race which constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Affairs Law.

43. As a direct and proximate result of the discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## REQUEST FOR RELIEF

44. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

45. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

46. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits, such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5.      Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6.      Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

                            **WIGGER LAW FIRM, INC.**

                             s/ *Matthew Ryan McKaig*
                            Matthew Ryan McKaig (Fed. I.D. #13160)
                            Attorney for the Plaintiff
                            8086 Rivers Avenue, Suite A
                            North Charleston, SC  29406
                            (843) 553-9800

North Charleston, South Carolina
May 18, 2022